IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-09-CV-0997-N<br>NO. 3-06-CR-0192-N(04) |
| NORBERTO GONZALES | § § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Norberto Gonzales, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. Punishment was assessed at 210 months confinement followed by a three-year term of supervised release. No appeal was taken. Instead, defendant filed this motion under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant contends that he received ineffective assistance of counsel because his attorney did not object to a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of two firearms in connection with his drug distribution activities.

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*,

446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice--that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). If a defendant fails to satisfy either prong, his claim of ineffective assistance of counsel must fail. *Id.*

B.

The presentence report states, in pertinent part:

> On August 16, 2007, a federal search warrant was executed at 1007 South Van Buren by the Dallas Police Department SWAT team. After the occupants of the residence were removed outdoors, Norberto Gonzales was arrested on a federal arrest warrant. During a search incident to arrest, police located a shotgun in the closet of one of the bedrooms. In addition, a total of $80,200 in United States currency was found in the home in two of the bedrooms, incuding the master bedroom. A Desert Eagle 44 caliber pistol was also located in the master bedroom. During an interview with the defendant, Gonzales informed DEA agents everything in the home was his including the firearm. He informed agents he had the firearm for protection.

(Def. Resp. App., Exh. C at 6, ¶ 24). Because two firearms were found in defendant's residence along with drug proceeds, the probation officer recommended a two-level enhancement pursuant to

U.S.S.G. § 2D1.1(b)(1).[1] (*See id.*, Exh. C at 8, ¶ 33). That recommendation was adopted by the district court. (*See id.*, Exh. D at 14). Defendant now contends that his attorney should have objected to the enhancement because "the firearms were owned and registered to my wife and [ ] I never possessed them." (*See* Def. Mot. at 5, ¶ 12).

This claim fails for two reasons. First, defendant offers no evidence to support the claim that his wife owned the firearms. His conclusory allegations are insufficient to merit post-conviction relief. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir.), *cert. denied*, 121 S.Ct. 122 (2000). Second, the application note to section 2D1.1 makes clear that the enhancement for possession of a firearm "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, app. n. 3. In determining whether a defendant "possessed" a firearm for purposes of this enhancement, "[w]hat matters is not ownership but accessibility." *United States v. Mitchell*, 31 F.3d 271, 278 (5th Cir.), *cert. denied*, 115 S.Ct. 455 (1994), *quoting United States v. Menesses*, 962 F.2d 420, 429 (5th Cir. 1992). Defendant does not dispute that two firearms were found in his residence along with proceeds from drug activities. Whether defendant or his wife owned the firearms is irrelevant for sentencing purposes. Therefore, defendant was not prejudiced by counsel's failure to object to the two-level enhancement for possession of firearms.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[1] The base offense level for a drug conspiracy involving more than 150 kilograms of cocaine is 38. *See* U.S.S.G. § 2D1.1(a)(3) & (c)(1). If a firearm was possessed, the offense level is increased by two levels. *See id.* § 2D1.1(b)(1).

specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE